B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Maryland

In re **Trudah Abenella Harding**
Debtor(s)

Case No.
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 3,500.00 |
   | Prior to the filing of this statement I have received | $ 0.00 |
   | Balance Due | $ 3,500.00 |

2. $ **310.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods**

      **CHAPTER 13 DEBTOR'S COUNSEL RESPONSIBILITIES AND FEES**

      **1. A copy of paragraphs 2. and 3. of this document, Chapter 13 Debtor's Counsel Responsibilities and Fees, must be delivered to the debtor(s) by c ounsel at the time counsel is employed, in addition to the retainer agreement by and between the debtor(s) and debtor's counsel.
      2. With the exception of adversary proceedings, appeals, and United States Trustee audits, for which separate arrangements may be made, counsel must represent their client in allm atters in the bankruptcy case as long as counsel is counsel of record. This includes defending motions, including motions for relief from stay, and bringing objections to claims and prosecuting motions on behalf of debtor. After the initial engagement, counsel may not demand payments from the debtor as a precondition to doing the work. Notwithstanding the foregoing, the Court , upon prior application, allow counsel to enter a limited appearance, including, but not limited to, representation on a pro bono or reduced fee basis.
      3. Counsel must remain as counsel of record until the entry of a court order allowing the withdrawal of appearance, or until the case is dis missed or closed. The failure to receive pay ment for services rendered or to be rendered may serve as the basis for counsel filing a motion to withdraw.
      4. The following fee arrangements are presumed reasonable under Section 329 and allowable under Section 330 and require no application or approval, except as stated below. This presumption is rebuttable and the fee can be the subject of an order to justify the fee.
      If no objection or order to justify fee is filed or entered, the presumptively reasonable fee is
      deemed allowed under 11 U.S.C. § 330 without the entry of an Order. However, if an objection or order to justify fee is filed or entered, the burden shall be upon debtor's counsel to prove that the fee should be allowed under 11 U.S.C. § 330 under the facts and circumstances of the case for which the fee is sought. The foregoing notwithstanding, any objection filed by a trustee or other party in interest shall describe the asserted factual**

In re **Trudah Abenella Harding** Case No. _____
                Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

**basis for rebutting the presumption.**
**A. A flat fee, not to exceed $3,500.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **April 20, 2019** | **/s/ William C. Johnson, Jr.** |
| *Date* | **William C. Johnson, Jr. 15651** |
| | *Signature of Attorney* |
| | **Law Offices of William Johnson** |
| | **1310 L St. NW** |
| | **Suite 750** |
| | **Washington, DC 20005** |
| | **(202) 525-2958   Fax: (301) 288-7473** |
| | **wcjjatty@yahoo.com** |
| | *Name of law firm* |