# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (GREENBELT)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRUDAH ABENELLA HARDING | ) | Case No. 19-15399 TJC |
| | ) | (Chapter 13) |
| Debtor. | ) | |

## OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN

Comes now Hard Money Bankers, LLC (the "Creditor"), by Counsel, and hereby objects to the confirmation of the Chapter 13 Plan filed in this matter on April 20, 2019 (Document No. 2, the "Plan"), and in support thereof, states as follows:

1. This Objection is filed pursuant to 11 U.S.C. §§ 1322, 1324 and 1335, and Rule 3015 of the Bankruptcy Rules, as hereinafter shall more fully appear.

2. The Creditor is a secured creditor of the Debtor whose first of two claims is based upon a certain Commercial Flat Rate Note with Balloon Payment (the "First Note") executed by the Debtor. A copy of the First Note is attached hereto, marked as **Exhibit 1**, and expressly made a part hereof. Repayment of said First Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017 and recorded in Book 55536, at Page 70 among the land records of Montgomery County, Maryland (the "First Deed of Trust") against the property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property"). A copy of the First Deed of Trust is attached hereto, marked as **Exhibit 2**, and expressly made a part hereof.

3. The Creditor's second claim is based upon a certain Commercial Flat Rate Note with Balloon Payment (the "Second Note") executed by the Debtor. A copy of the Second Note is attached hereto, marked as **Exhibit 3**, and expressly made a part hereof. Repayment of said

Second Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017 and recorded in Book 55536, at Page 94 among the land records of Montgomery County, Maryland (the "Second Deed of Trust") against the Property. A copy of the Second Deed of Trust is attached hereto, marked as **Exhibit 4**, and expressly made a part hereof.

4. On May 31, 2019, the Creditor filed a proof of claim related to the First Note and First Deed of Trust ("Claim No. 3") showing a total indebtedness of approximately $516,925.01. Interest continues to accrue on the balance of this loan.

5. On May 31, 2019, the Creditor filed a proof of claim related to the Second Note and Second Deed of Trust ("Claim No. 4") showing a total indebtedness of approximately $188,955.00. Interest continues to accrue on the balance of this loan.

6. The Debtor has not objected to either of Creditor's proofs of claims, which are therefore presumed to be valid in the amount stated. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

7. Debtor proposes to pay $2,000.00 for 59 months and $371,455.82 for a total funding amount of $489,455.82. This payment schedule is inconsistent with the payment schedule shown in section 4.6.2 of the Plan under which Debtor proposes to pay the Creditor $7,155.17 for 58 months for a total funding amount of $414,999.86. Regardless, either proposed payment schedule is insufficient to pay the Creditor because the proposed payment schedules would not pay Claim No. 3 in full and would not pay Claim No. 4 at all. Creditor submits that any repayment terms related to Creditor's claims must provide the Creditor with payment in full with interest and must pay the Creditor within an appropriate amount of time. Confirmation of

the Plan should therefore be denied for not providing adequate treatment of the Creditor's claims.

8. The Debtor has also stated that the arrears owed to the Creditor are $415,000.00. This is not the case. Claim No. 3 and Claim No. 4 clearly show arrears in the total amount of $705,880.01 owed to the Creditor as of the petition date. Interest continues to accrue on these loans. This further evidences the Debtor's inadequate treatment of the Creditor's claims in the Plan, and therefore confirmation of the Plan should be denied.

9. The Plan indicates inconsistent methods for payment of the Creditor's claims in sections 4.6.2 and 4.6.5 of the Plan. It is not possible to pay the Creditor simultaneously inside and outside of the Plan. Confirmation of the Plan should therefore be denied because of this ambiguity which shows a lack of feasibility.

10. Further, Debtor's plan is also not feasible because the Debtor has been unable to demonstrate that her income is as high as she claims it to be in her schedules. Assuming arguendo that Debtor's income is as high as she claims, her total income is still insufficient to support the payment obligations that would be necessary to confirm a plan. Confirmation of the Plan should therefore be denied due to lack of feasibility on this basis.

11. Creditor also incorporates by reference the objections raised in the Trustee's Objection to Chapter 13 Plan ("Trustee's Objection", Document No. 12) as if fully restated herein. In particular, the Creditor submits that the Debtor's Plan cannot be confirmed under 11 U.S.C. § 1325(a)(4) because the Debtor has non-exempt equity of at least $1,339,681.20 in real property.

12. The Plan should be denied for the foregoing reasons. Debtor does not propose to pay the Creditor in full, the Plan as proposed is not feasible and the Plan proposes inconsistent

and inappropriate treatment of the Debtor's creditors. Therefore, the Creditor requests that the Plan be denied.

**WHEREFORE**, the undersigned respectfully moves this Honorable United States Bankruptcy Court for entry of an Order denying confirmation of the Debtor's Chapter 13 Plan, with prejudice, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.**

By:   /s/ Benjamin P. Smith
      Benjamin P. Smith (Bar No. 17680)
      Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
      12505 Park Potomac Avenue, Sixth Floor
      Potomac, Maryland 20854
      TEL: (301) 230-5241
      FAX: (301) 230-2891
      Email: bsmith@shulmanrogers.com
      *Attorney for Hard Money Bankers, LLC*

## CERTIFICATE OF SERVICE

The following parties received electronic notice of this filing:

    Timothy P. Branigan                cmecf@chapter13maryland.com
    *Chapter 13 Trustee*

    William C. Johnson, Jr.              wcjjatty@yahoo.com
    *Counsel for Debtor*

To the extent that the following persons were not served electronically via CM/ECF system, a copy of the **Objection to Confirmation of The Chapter 13 Plan** with its **Proposed Order** was first class mailed, postage prepaid, this 28th day of June, 2019, to:

    Trudah Abenella Harding
    13604 Canal Vista Court
    Potomac, MD 20854
    *Debtor*

                                            /s/  Benjamin P. Smith
                                            Benjamin P. Smith