IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| Trudah A. Harding | * | Case No.: 19-15399 TJC |
| Debtor. | * | (Chapter 13) |
| _____ | * | |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION FOR THE ATTORNEY OF THE DEBTOR FOR THE PERIOD SEPTEMBER 25, 2019, THROUGH DECEMBER 8, 2021, IN ADVERSARY PROCEEDING CASE NO. 19-00350**

**COMES NOW** the undersigned attorney for the debtor Shannon Chase, under the authority of 11 U.S.C.§§ 329, 330, 503, 507 and 726, files this Final Application for Allowance of Compensation for the Attorney of the Debtor for the period September 25, 2019, through December 8, 2021, in Adversary Proceeding Case No. 19-00350 (the "Application Period"). The Applicant seeks allowance and payment of $61,965.00 in legal fees for services rendered during the Application Period. The Final Application for Compensation closes the compensation period as this Adversary Proceeding matter has settled and awaits final resolution from the Court. In support of this Final Application the debtor states and represents as follows:

1.  This case was commenced as a case under Chapter 13 on April 20, 2019, and the Adversary Proceeding identified as case no. 19-00350 was commenced September 25, 2019. The total fee to be charged by the attorney for legal services rendered for the debtor in this bankruptcy case is $61,965.00. The amount held for the Bankruptcy Estate is $0.00. The Applicant is requesting the remaining balance of $61,965.00 be paid pursuant to the Court's Order in this matter.

2.  The source of the compensation paid or to be paid is the debtor, which

1

compensation shall, by agreement with the debtor(s) as a priority administrative claim in the bankruptcy case, upon approval thereof by the court.

3.     The attorney has filed a document entitled Disclosure of Compensation of Attorney for Debtor with the court, the provisions of which are incorporated by reference in this application.

4.     The legal services rendered or to be rendered by the attorney in connection with this bankruptcy case include, but is not limited to, the following:

   a. Examining and analyzing the debtor's financial situation and advising the debtor thereon;
   b. Preparing and filing the petition, schedules, statements, plan and other necessary documents and pleadings in the case for confirmation of the debtor(s)' plan;
   c. Representing the debtor(s) at the meeting of creditors and the confirmation hearing;
   d. Representing the debtor in the defense and prosecution of motions; applications and petitions;
   e. Assisting the debtor(s) in the purchase of real property.
   f. Representing Debtor in Adversary Proceedings.

5.     Your Applicant now seeks approval of compensation for services rendered and in his representation of the Debtor herein for the period of September 25, 2019, through December 8, 2021.

6.     During the course of the representation, your Applicant consulted with the Debtor regarding her financial condition and the rights and responsibilities of a post-petition debtor. The debtor was prepared to pursue litigation involving an alleged forgery involving the mortgage loan documents.

7.     As counsel for the debtor herein, your Applicant advised the Debtor of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, filing and notice requirements, as well as procedures throughout this proceeding.

8.     Your Applicant assisted the Debtor in responding to inquiries and requests for documentation from creditors.

9.     Your Applicant consulted with the Debtor regarding her duties as a post-petition debtor to maintain all Court Ordered payments while pursuing her claims in the Adversary Proceeding 19-00350.

10.    These proceedings have been contested and the Debtor has had to pursue her claims of Consumer Protection violations against the lender.  The lender filed a Proof of Claim identified as Proof of Claim Number 3 and 4.  The Proof of Claims identified arrears in the amount of $516,925.01 and $188,955.00 with an interest rate of twenty-four (24%) for each, respectively.

11.    Your Applicant has prosecuted the Adversary Proceeding No. 19-00350 to settlement and benefit to the estate was achieved.

12.    Your Applicant has worked with the creditor and addressed critical financial and litigation concerns uniquely applicable to debtor's claims and defenses.

13.    A review of the time records attached hereto as Exhibit 1 and the Summary of Present Time Charges will show the activity of the case.

14.    Your Applicant submits that he is entitled to be paid in full based upon the factor established in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) and as adopted buy the Fourth Circuit in *Barber v. Kimbrells, Inc.,* 577 F.2d 216 (4th Cir. 1978) and *Harman v. Levi,* 772 F.2d 1150 (4th Cir. 1985) and based upon certain Guidelines as follows:

    a.    **The Time and Labor Required**

The time for each task is displayed in the attached Exhibit.  The amount of time devoted to each task as identified in Exhibit 1 were deemed necessary and appropriate to the facts and circumstances surrounding the unique and labor-intensive aspects of managing a contested attempt to address arrears identified in the Bankruptcy Estate.  Client communications were above average as the debtor prepared for trial.  No excess time was devoted to the performance of these tasks by your Applicant.   The time devoted was actual and necessary under the circumstances.

    b.    **The Novelty and Difficulty of the Questions**

Although the matters were not novel, they included Consumer Protection related issues, complex discovery related issue involving the admissibility of evidence and defending dispositive motions filed by well qualified opposing counsel. Prevailing on a majority of these matters was difficult and led to other resolutions which included addressing the filing and defense of Summary Judgment motions in the Adversary Proceeding case.

**c.     The Skill requisite to perform the legal services properly**

The issues presented required a high level of expertise in protecting the rights of the Debtor and defending the various matters. The efforts of the Applicant have afforded the debtor the opportunity to receive relief also keeping the administrative costs of these efforts to a minimum and giving the Debtor an opportunity for a fresh start. The benefit to the bankruptcy estate has exceeded $300,000.00.

**d.     The preclusion of other employment.**

The time and attention required by this case has been extensive but did not limit your Applicant's ability to engage in other employment. The time expended in this case did limit the time your Applicant could apply to other cases.

**e.     The Customary Fee**

The Debtor was charged Applicant's discounted rate of $405.00 per hour, which is less than rates charged by and allowed to other counsel appearing before this Court in similar matters.

**f.     Whether the Fee is fixed or Contingent**

The recovery of fees is always contingent on the availability of funds in the estate, a fact which cannot be known to counsel when representation is first undertaken. The benefit to the bankruptcy estate has exceeded $300,000.00. Counsel has not yet received Court approval of the payment of any attorney's fees.

**g.     The limitations imposed by the client or the circumstances.**

This case did impose significant time limitations due to the activity, Discovery and motions filed by the creditor Hard Money Bankers, LLC. The debtor filed claims for

violations of the Home Ownership and Equity Protection Act, (hereinafter "HOEPA"), 15 U.S.C. §§1602 (aa) and 1639, Truth in Lending Act, 15 U.S.C. § 1601 et. seq., Federal Reserve Board Regulation Z, and for violations of MD Code, Commercial Law, § 12-101, et. seq. and Title 13, Consumer Protection Act, MD Code, Commercial Law, § 13-101 et. seq.

**h.    The amount of time involved and the results obtained. Benefit to the Estate.**

Your Applicant believes that he has been successful to this point in the case as the debtor settled the matter and the creditor vacated the default interest in an amount in excess of $300,000.00.  The debtor's ultimate objective to retain the real property was successful however, the debtor must either refinance or sell the real property.  The Applicant tempered the expectations of the debtor with the realities of her financial situation.

**i.    The experience, reputation, and ability of Applicant.**

Your Applicant is a practitioner with significant experience in the field of Bankruptcy and Tax Law.  The applicant has more than twenty (20) years of experience in Bankruptcy and Complex Litigation cases.

**j.    The undesirability of the case.**

The Applicant is often referred matters that other Bankruptcy practitioners deem undesirable.  The very nature of a practice based upon this attribute present opportunities to address a market that is oft times avoided.  The instant matter involved a debtor and creditor involved in an alleged commercial mortgage transaction far beyond the scope of a bankruptcy proceeding

**k.    Awards in similar case.**

The hourly rates of your Applicant, and the time devoted to representation of the Estate, are no more than what other counsel have been awarded in cases of similar or even less complicated cases.

**CONCLUSION**

15. Representation of the debtor has involved a substantial amount of time in pursuit of the debtor's objective of removing the arrears and retaining her personal residence. A more detailed explanation of services rendered is set forth in the Time Records of your Applicant, which records are attached hereto and made part hereof by reference.

16. Debtor's counsel has devoted 153.00 hours in representation of the Debtor. Due to limited resources of the estate and an agreement with the debtor, the applicant grants the debtor a courtesy reduction and thereby eliminating any attorney's fees associated with the excessive communications between the debtor and parties. The reduction in attorney's fees is unilateral as a courtesy to the debtor. The Applicant reserves all rights.

17. Compensation sought by debtor's counsel for representation of the Debtor is the sum of Sixty-One thousand Nine Hundred Sixty-Five Dollars and no cents ($61,965.00). The Applicant is requesting this amount be paid pursuant to the Court's Order in this matter and be deduced to a money judgment.

18. No agreement or understanding exists between debtor's counsel and any other person or entity for the sharing of the compensation to be received for professional services rendered in connection with this case.

**WHEREFORE**, the undersigned attorney respectfully applies for allowance of the compensation described above in this application and requests that the unpaid balance of such compensation be approved by the court as a priority administrative claim in the case, to be paid from the funds of the debtor and that said allowed amount to be Ordered as a Money Judgment.

December 21, 2021 /s/ William C. Johnson, Jr.
　　　　　　　　　　　　　　　　　　　　The Johnson Law Group, LLC
　　　　　　　　　　　　　　　　　　　　William C. Johnson, Jr., Esq.
　　　　　　　　　　　　　　　　　　　　Fed. Bar No. #15651
　　　　　　　　　　　　　　　　　　　　6305 Ivy Lane
　　　　　　　　　　　　　　　　　　　　 Suite 630
　　　　　　　　　　　　　　　　　　　　Greenbelt, Maryland 20770

             William@JohnsonLG.Law
             (301) 477-3450
             Fax (301) 477-4813

## NOTICE OF TIME TO RESPOND TO FINAL APPLICATION OF ALLOWANCE OF COMPENSATION

  **PURSUANT TO LBR 2002-1, WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THE NOTICE**, (January 21, 2022), you must file and serve a written opposition to the Application of Allowance of Compensation and a proposed order under Local Bankruptcy Rule 9072-1.  The opposition and proposed order must be filed with the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, Maryland 20770 and served (by delivery or mailing of copies) upon the undersigned.  The opposition may append affidavits and documents you wish to attach in support of your opposition.

  **IF YOU FAIL TO FILE A TIMELY OPPOSITION, THE COURT MAY GRANT THE APPLICATION OF ALLOWANCE OF COMPENSATION IN THE MANNER SOUGHT BY THE APPLICATION WITHOUT A HEARING**.  You may file and serve with or include in the opposition a request for hearing which may be held in the Court's discretion.

December 31, 2021          /s/ William C. Johnson, Jr.
             The Johnson Law Group, LLC
             William C. Johnson, Jr., Esq.
             Fed. Bar No. #15651
             6305 Ivy Lane
              Suite 630
             Greenbelt, Maryland 20770
             (202) 525-2958 Fax (301) 288-7473

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on this day of December 31, 2021, a copy of the foregoing was sent via first class mail, postage pre-paid to the following:

Office of the U.S. Trustee
6305 Ivy Lane
Suite 620

Greenbelt, Maryland 20770

Office of the Chapter 13 Trustee
Attention: Timothy Branigan
9891 Broken Land Parkway
Suite 301
Columbia, MD 21046

Trudah A. Harding
13604 Canal Vista Ct.
Potomac, Maryland 20854

All creditors on Mailing Matrix

December 31, 2021 /s/ William C. Johnson, Jr.
William C. Johnson, Jr., Esq.